UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAIME CORTEZ | ) | CIVIL ACTION NO. |
| | | A:09-CA-642-SS |
| V. | ) | |
| TOLTECA ENTERPRISES, INC., dba | | |
| PHOENIX RECOVERY GROUP | ) | |

### DEFENDANT'S FIRST AMENDED ANSWER & COUNTERCLAIM

Defendant files this First Amended Answer to Plaintiff's First Amended Complaint.

### I. Admissions & Denials

1. Defendant is without sufficient knowledge or information to admit or deny Paragraph 1 which alleges that Plaintiff is a resident of Travis County, Texas.

2. Defendant admits Paragraph 2.

3. Denies that there is a "case" or "controversy" and therefore denies that the court has jurisdiction over this matter.

4. Paragraph 4 does not require admission or denial.

5. Defendant admits Paragraph 5 which alleges that Plaintiff is a consumer.

6. Defendant admits Paragraph 6 which alleges that Defendant is a debt collector.

7. Defendant denies Paragraph 7 which alleges that Defendant violated the Fair Debt Collection Practices Act and the Texas Debt Collection Act.

8. Defendant admits that its insurance agent failed to file the debt collector's bond with the Texas Secretary of State but would show that this technicality has been cured.

9. Defendant admits to leaving a message for Plaintiff but denies the remainder of Paragraph

1

9.

10. Defendant denies Paragraph 10 alleging that a voicemail did not meaningfully disclose the caller's identity.

11. Defendant denies Paragraph 11 alleging that Defendant failed to send Plaintiff a written notice about the debt.

12. Defendant denies Paragraph 12 alleging that a voicemail did not meaningfully disclose the caller's identity.

13. Defendant denies Paragraph 13. Defendant admits that Tolteca had mailed Plaintiff a collection letter.

14. Regarding Paragraph 14, Defendant admits to sending Plaintiff a written collection letter and that failure to pay the debt could result in reporting the matter to one or more credit bureaus.

15. Defendant denies Paragraph 15 alleging that a voicemail did not meaningfully disclose the caller's identity.

16. Regarding Paragraph 16, Defendant is without sufficient information to either admit or deny that Plaintiff sent a written dispute letter on August 15, 2009; otherwise, Defendant denies the occurrence of any violations of the Federal Fair Debt Collection Practices Act and Texas Debt Collection Act. Defendant denies that it damaged Plaintiff under the Texas Deceptive Trade Practices Act.

17. Paragraph 17's allegations of misrepresentations and false claims are denied. Furthermore, the e-mail from Chris Haines was not the producing cause of any damages to Plaintiff. Furthermore, the e-mail from Chris Haines properly indicated that the debt would be reported as disputed, if it had already been reported to the credit bureau, and that Defendant had the right to

continue normal collection activity, which activity is privileged conduct under applicable law.

18. Defendant denies Paragraph 18 which alleges that Plaintiff sustained damages.

19. Defendant re-alleges the foregoing answers in regard to Paragraph 19.

20. Defendant admits that a collection bond should be on file; denies that it is required to be on file to engage in debt collection in the State of Texas; and, denies that any violation was a producing cause of damages to Plaintiff.

21. Defendant re-alleges the foregoing answers in regard to Paragraph 21.

22. Defendant denies Paragraph 22.

23. Defendant re-alleges the foregoing answers to Paragraph 23.

24. Defendant denies Paragraph 24.

25. Defendant re-alleges the foregoing answers to Paragraph 25.

26. Defendant denies Paragraph 26. Defendant denies violating TDCA §392.302(2), (3).

27. Defendant re-alleges the foregoing answers to Paragraph 27.

28. Regarding Paragraph 28, Defendant denies violating FDCPA § 1692g(b).

29. Defendant re-alleges the foregoing answers to Paragraph 29.

30. Defendant can neither admit or deny whether TDCA § 392.201 mirrors FDCPA § 1692g(b) as such an assertion is merely Plaintiff's interpretation and is not an allegation of fact and is a question of law for the court. Defendant denies the remainder of Paragraph 30 which alleges any violation of law.

31. Defendant re-alleges the foregoing answers to Paragraph 31.

32. Regarding Paragraph 32, Defendant denies violating TDCA § 392.304(a)(1)(A).

33. Defendant re-alleges the foregoing answers to Paragraph 34.

34. Regarding Paragraph 35, Defendant denies violating FDCPA § 1692e(10). Furthermore, Defendant denies that the e-mail caused any damages to Plaintiff.

35. Defendant re-alleges the foregoing answers to Paragraph 36.

36. Regarding Paragraph 37, Defendant denies violating FDCPA § 392.304(a)(19).

37. Defendant re-alleges the foregoing answers to Paragraph 38.

38. Regarding Paragraph 39, Defendant denies violating FDCPA § 1692c(b).

39. Defendant re-alleges the foregoing answers to Paragraph 40.

40. Regarding Paragraph 41, Defendant denies any illegal debt collection efforts; denies any unfair and unconscionable conduct; and denies violating FDCPA § 1692f.

41. Regarding Paragraph 42, Defendant denies that failure to have surety bond on file is an unfair and unconscionable act or practice; denies violating FDCPA § 1692f; denies that FDCPA § 1692f provides any federal cause of action or any claim upon which relief may be granted; and, Defendant denies that Plaintiff sustained any damages.

42. Defendant re-alleges the foregoing answers to Paragraph 43.

43. Regarding Paragraph 44, Defendant denies violating TDTPA § 17-E.

44. Defendant denies that Plaintiff is entitled to the relief requested in his prayer allegation, including any entitlement to monetary damages or any other relief.

## II. Affirmative Defenses

Defendant is not liable to Plaintiff because:

45. Plaintiff did not provide Defendant with any written notice to cease communications with Plaintiff.

46. Plaintiff was not harassed or abused under the Federal Fair Debt Collections Practices

Act and the Texas Debt Collection Act because there was no use or threats of use of violence or other criminal means to harm Plaintiff; no obscene, abusive, or profane language was used toward Plaintiff; the telephone was not caused to ring repeatedly or continuously with intent to annoy, abuse or harass Plaintiff; and Plaintiff was not engaged in any telephone conversations with Defendant with intent to annoy, abuse or harass Plaintiff.

47. Defendant did not violate the Texas Deceptive Trade Practices Act, Federal Fair Debt Collection Practices Act and Texas Debt Collection Act it did not falsely represent the character, amount or legal status of any debt; it did not falsely claim to be an attorney; it did not falsely imply that non payment of any debt of Plaintiffs could result in arrest, or any unlawful remedy to collect; and it did not use any false or deceptive means to collect or attempt to collect any debt from Plaintiff.

48. Defendant did not violate the Texas Deceptive Trade Practices Act, Federal Fair Debt Collection Practices Act, and Texas Debt Collection Act because Defendant did not use any unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

49. Defendant did not violate the Texas Deceptive Trade Practices Act, Federal Fair Debt Collections Practices Act, and Texas Debt Collection Act because its debt collector employee did disclose his legal name to Plaintiff and such disclosure was meaningful, effective, and legal to use at all relevant times herein.

50. Plaintiffs' claims are barred, in whole or in part, by the contributory negligence and comparative fault of the Plaintiffs and that Plaintiffs' recovery, if any, should be reduced or barred accordingly, pursuant to Texas Civil Practice & Remedies Code Section 33.001 and other applicable law.

51. Plaintiffs may not recover mental anguish damages because Defendant did not act

knowingly or intentionally.

52. Plaintiff did not mitigate his damages, whether actual or otherwise.

53. Defendant asserts the affirmative defense that its debt collector employees may use an assumed name or alias name since the use of such a name is legally permissible under FTC (Federal Trade Commission) rules and regulations and under the FDCPA and TDCA.

54. Any technical failure to have its debt collector's bond on file with the Texas Secretary of State at any time relevant to this action has been cured and any such failure is not a producing cause of any damages and does not present a claim for which relief may be granted to Plaintiff.

55. Defendant would show that any failure regarding having its debt collection bond on file was the result of a bona fide error as that term is defined in TDCA § 392.401 due to the negligent conduct of Defendant's insurance agent who had the responsibility of securing the surety bond and having it filed with the Texas Secretary of State.

56. Defendant invokes the "bona fide error" defense of Tex. Finance Code, § 392.401; 15 USC § 1692k as to all of Plaintiff's claims.

57. Plaintiff is not entitled to any statutory damages as he sustained no actual damages.

58. Defendant is permitted by law to contact third parties concerning Plaintiff for the purpose of obtaining location information. Such contact was legally permitted and legally privileged.

59. Defendant is permitted by law to report Plaintiff's indebtedness to credit bureaus; and, if the debt is disputed, it can still be lawfully reported as a disputed indebtedness on Plaintiff's credit file. Consequently, Defendant's conduct in reporting Plaintiff's indebtedness was legally justified and privileged. Furthermore, any such reporting did not damage Plaintiff.

.    60. Defendant's conduct was not the producing cause of any actual damages to Plaintiff.

61. Plaintiffs may not recover additional damages or punitive damages because Defendant did not act knowingly, intentionally or maliciously.

62. As to Plaintiff's claim of invasion of privacy, Plaintiff consented to being contacted by Defendant. Plaintiff had provided his contact information thereby inviting being contacted. Accordingly, the doctrine of consent negates Plaintiff's claim that his privacy was invaded.

63. All defenses of Defendant asserted as to the FDCPA are also asserted against any DTPA and TDCPA cause of action since such causes of action are premised on violations of the FDCPA or arise out or the same alleged occurrence.

### III.  Exemplary Damages Cap

64. The Exemplary Damages Act of Tex. Civ. Prac. & Rem. Code § 41.008 and Due Process Cap of the United States Constitution applies to restrict and limit Plaintiffs' claim for exemplary damages, and Defendant intends to invoke the damage cap if exemplary damages are awarded.

### IV.  Failure to State a Claim

65. Plaintiff has failed to state a claim for which relief may be granted.

### V.  Counter-Claim

66. Defendant brings a counterclaim against Plaintiff for recovery of its attorney's fees, costs of suit, and expenses incurred in defending this action. Defendant would show:

67. Plaintiff's claims have been brought in bad faith and/or for purposes of harassment or are frivolous and groundless. Defendant alleges that one or more of the Plaintiff's claims, or combinations thereof, have been brought against Defendant in bad faith and/or for the purpose of harassment and his claims are frivolous and groundless. Upon the court's finding that Plaintiffs' have brought their claims in bad faith or for purposes of harassment or are frivolous and groundless,

Defendants' attorney's fees shall be awarded against Plaintiff under Tex. Finance Code § 392.403(c). Defendant also sues to recover its attorney's fees and costs under 15 USC § 1692k(3). Defendant therefore sues Plaintiff for its reasonable and necessary fees for trial and post-trial proceedings, including any appeals.

WHEREFORE, Defendant prays for judgment that Plaintiff take nothing; that costs and attorney's fees be assessed against Plaintiff; and for all other relief to which Defendant is entitled.

>S/Tom Clarke
>Texas Bar # 04318600
>8026 Vantage Drive, Suite 125A
>San Antonio, Texas 78230
>210/340-8448
>210/348-7946 Fax
>Attorney for Tolteca Enterprises, Inc.
>dba Phoenix Recovery Group

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served on Jaime Cortez, Pro Se, P.O. Box 4675, Austin, Texas 78765 on January 4, 2010 by email in PDF format to jvcortez@hotmail.com.

>S/Tom Clarke